IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:04-00001 |
| | ) | Chief Judge Haynes |
| CARLOS LAJUAN CATHEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

On April 20, 2004, Defendant pled guilty to Count Two and Three, Distribution of Five Grams or More of Cocaine Base, 21 U.S.C. § 841(a)(1) and Court Four, Possession with Intent to Distribute 5 Grams or More of Cocaine Base, 21 U.S.C. § 841(a)(1). (Docket Entry No. 37). On July 9, 2004, the Honorable Thomas A. Higgins sentenced the Defendant to 188 months as to each count to run concurrently with one another and Defendant's state sentence. (Docket Entry No. 47, Judgment).

Before the Court is Defendant's pro se motion for reduction of his sentence (Docket Entry No. 137), to which the Government has not responded. Defendant contends that his sentence should be retroactively reduced under 18 U.S.C. § 3582(c)(2), Amendment 750 to the United States Sentencing Guidelines that lowered the base offense levels applicable to cocaine base or crack offenses and under United States v. Freeman, 131 S. Ct. 2685 (U.S. 2011). Id.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission's Guidelines policy statement provides that a retroactive sentence reduction is not consistent with the policy

statements if "(A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(A),(B).

In an amendment to the Sentencing Guidelines effective November 1, 2007, the United States Sentencing Commission generally reduced the Base Offense Level for offenses involving cocaine base by two levels. On December 11, 2007, the Commission made the amendment retroactive effective March 3, 2008. On April 16, 2008, the Sentencing Commission amended the commentary to U.S.S.G. § 2D1.1 to revise the manner in which combined offense levels are determined in cases involving cocaine base (crack cocaine) and one or more other controlled substances. The Commission also amended U.S.S.G. § 1B1.10 governing a reduction in the term of imprisonment based upon the amended guideline range retroactive to the amendment to U.S.C.G. § 2D1.1. The effective date for these amendments was May 1, 2008.

The Defendant's motion to resentence falls under 18 U.S.C. § 3582(c)(2) that provides, in pertinent part, as follows:

> (b) **Effect of finality of judgment.** - Notwithstanding the fact that a sentence to imprisonment can subsequently be -
>
> (1) modified pursuant to the provisions of subsection (c):
>
>    \*  \*  \*
>
> (c) **Modification of an imposed term of imprisonment.** - The court may not modify term of imprisonment once it has been imposed except that -
>
>    \*  \*  \*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the

extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3581(b)(1) and (c)(2) (emphasis added).

As pertinent here, Section 1B1.10, "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," as amended, provides as follows:

(a) Authority.-

(1) **In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.**

(2) Exclusions.- **A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-**

(A) None of the amendments listed in subsection (c) is applicable to the defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.- **Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.**

(b) Determination of Reduction in Term of Imprisonment.-

(1) In General.-**In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.**

(2) Limitations and Prohibition on Extent of Reduction.-

(A) In General.- **Except as provided in subdivision (B), the court shall not reduce the**

**defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.**

(B) Exception.- If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a further reduction generally would not be appropriate.

(c) Covered Amendments.-Amendments covered by this policy statement are listed in Appendix C as follows: ... 706 ....

U.S.S.G. § 1B1.10 (emphasis added).

Here, Defendant's sentence is 188 months, based on 58.6 grams of cocaine base that placed Defendant at a total offense level of 31 and a guideline range of 188 to 235 months (Docket Entry Nos. 47 and 137). Under the retroactive application of Amendment 750, Defendant's total offense level is a 29, a reduction of two offense levels. Based on a total offense level of 29 and a criminal history category VI, the newly calculated guideline range for imprisonment is 151 to 188 months.

"A [district court's] sentence should reflect the [advisory] considerations listed in [18 U.S.C.] § 3553(a)." United States v. McBride, 434 F.3d 470, 474 (6th Cir. 2006). Judge Higgins sentenced the Defendant to the low end of the applicable guideline range. The Court concludes that in light of that fact and Section 3553(a) considerations of factors based upon the factual circumstances cited in the presentence report and the parties' filings, Defendant's motion for resentencing (Docket Entry No. 137) should be granted. Defendant's sentence is reduced to 151 months in custody on each count, to run concurrently.

An appropriate Order is filed herewith.

**ENTERED** this the _19_ day of June, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court